

**FILED**
**Mar 18, 2021**
**01:16 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | |
|---|---|
| **JOSHUA RAMEY,** ) | **Docket No.:2020-02-0173** |
| **Employee,** ) | |
| **v.** ) | |
| **SLEEP ZONE, INC.,** ) | **State File No.:334112019** |
| **Employer,** ) | |
| **And** ) | |
| **FLAGSHIP CITY INSURANCE CO.,** ) | **Judge Brian K. Addington** |
| **Carrier,** ) | |
| **And** ) | |
| **ABIGAIL HUDGENS, Administrator,** ) | |
| **Subsequent Injury Fund.** ) | |

---

### EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

Mr. Ramey asked the Court to order Sleep Zone to provide additional workers' compensation benefits for injuries when he fell backward while carrying a mattress. Sleep Zone denied the claim because, after viewing surveillance video, the authorized treating physician determined Mr. Ramey's current complaints are not causally related to the fall. For the reasons below, the Court holds Mr. Ramey is not entitled to the requested benefits.

### History of Claim

Mr. Ramey fell backward while carrying a mattress on May 7, 2019, and alleged injuries to multiple body parts. Dr. Jody Helms, an authorized treating physician, referred him to physical therapy and ordered epidural steroid injections. Mr. Ramey missed several physical therapy appointments and the injections, so those providers discharged him from care.

Sleep Zone became suspicious of Mr. Ramey's complaints after his non-compliance with medical treatment and began surveillance of his activities beginning in June 2019. Mr. Ramey testified that in December 2020 he experienced an inability to get out of bed or

1

walk any distance, his left shoulder popping out its socket, severe ankle pain, and neck pain from turning his head. However, the surveillance which continued into December 2020, suggested that Mr. Ramey participated in normal everyday activities of driving, shopping, playing sports, and working.

Sleep Zone provided the initial surveillance videos to Dr. Helms. After reviewing the videos and watching Mr. Ramey walk to his car without any hesitation on July 8, 2019, he noted he would not expect Mr. Ramey to perform the activities on the videos based on how he presented in his office. That same day, Dr. Helms released Mr. Ramey from treatment and placed him at maximum medical improvement without restrictions or impairment.

In response to Dr. Helms's discharge, Mr. Ramey argued that the man in the surveillance video was his twin brother. Mr. Ramey acknowledged he has worked for most of the time since his injury but complained of constant pain and requested additional treatment. Aside from requesting medical treatment, Mr. Ramey also requested temporary disability benefits, although he was unsure of the dates of employment and amounts earned.

Sleep Zone argued that Mr. Ramey has been untruthful about his need for medical treatment as shown by the surveillance and Dr. Helms's opinion, and it requested that the Court deny his requests.

**Findings of Fact and Conclusions of Law**

Mr. Ramey must show that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020)   The Court holds he did not.

To recover medical benefits, Mr. Ramey must show, to a reasonable degree of medical certainty, that the May 7, 2019 fall contributed more than fifty percent in causing the need for medical treatment. *See Burleson v. Germantown Partners Supercuts,* 2017 TN Wrk. Comp. App. Bd. LEXIS 49, at *9-10 (Aug. 15, 2017).

Here, the Court finds that Mr. Ramey presented no testimony or other proof to contradict Dr. Helms's opinions. No medical proof established that his employment contributed more than fifty percent in causing the need for medical treatment. The Court also finds that Mr. Ramey was not credible. He grossly misrepresented his condition to Dr. Helms and to the Court. Mr. Ramey's argument that the video showed his twin brother was unconvincing. Therefore, the Court holds Mr. Ramey is not likely to prevail at a hearing on the merits and denies his request for medical benefits.

Mr. Ramey also requested temporary disability benefits. There are two kinds of temporary disability benefits: temporary total and temporary partial. To receive temporary

total disability benefits, Mr. Ramey must prove (1) he became disabled from working due to a work injury; (2) a causal connection between the injury and his inability to work; and (3) the duration of his disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Concerning temporary partial disability benefits, Mr. Ramey is eligible for benefits if he earned less than his average weekly wage due to work restrictions. *See* Tenn. Code Ann. § 50-6-207(2)(A).

Here, Mr. Ramey submitted no medical proof taking him off work after July 8, 2019. Instead, Mr. Ramey testified he continued to work for other employers but could not recall the dates of his employment or the amounts he earned. Considering the lack of evidence, the Court finds Mr. Ramey is not likely to succeed at a hearing on the merits regarding additional temporary disability benefits.

It is **ORDERED** as follows:

1. The Court denies Mr. Ramey's requested medical and temporary disability benefits.

2. This case is scheduled for a Status Hearing on May 14, 2021, at 10:00 a.m. Eastern Time. You must dial 855-543-5044 to participate. Failure to call may result in a determination of the issues without your participation.

**ENTERED March 18, 2021.**

        **/S Brian K. Addington**
      **BRIAN K. ADDINGTON, JUDGE**
      **Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:

1. Affidavits
2. Wage Statement
3. Panel
4. Medical Record Table of Contents
5. Final Medical Report
6. Declarations of Robert Gox and Ryan Bordis
7. Facebook business advertisement
8. Bicycle photos
9. Four videos

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Show Cause Order
4. Show Cause Order
5. Request for Expedited Hearing
6. Sleep Zone's Motion to Dismiss for Failure to Prosecute
7. Order Denying Motion to Dismiss
8. Motion for Virtual Participation
9. Order Permitting Subsequent Injury Fund's Attendance by Phone or Video
10. Sleep Zone's Motion to Deem Admitted
11. Order Denying Motion to Deem Admitted
12. Sleep Zone's Expedited Hearing Witness and Exhibit List
13. Sleep Zone's Position Statement for Expedited Hearing

**CERTIFICATE OF SERVICE**

I certify that a correct copy of this Order was sent on March 18th, 2021.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Joshua Ramey, Employee | X | X | 365 May Ave. Kingsport, TN 37665 rameycain@yahoo.com |
| Jennifer White, Stephen Stovall, Employer's Attorneys | | X | jennifer@petersonwhite.com setphen.stovall@petersonwhite.com |
| Lindsay Hall, Subsequent Injury Fund Attorney | | X | lindsay.n.hall@tn.gov |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party):_____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*